UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CITIZENS BANK, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. 1:25-cv-00444-MSM-PAS |
| THE MORTGAGE LINK, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the Motion to Dismiss (ECF No. 14) of the defendant, The Mortgage Link, Inc. ("Mortgage Link"). The plaintiff, Citizens Bank, N.A. ("Citizens Bank"), alleges that Mortgage Link breached a contract with Citizens by selling it a defective loan which it then refused to repurchase. (ECF No. 1.) Mortgage Link seeks dismissal of Citizens Bank's Complaint, arguing that Citizens Bank materially altered the loan in a way that extinguished any obligation it may have had to repurchase it. (ECF No. 14.) For the following reasons, the Court DENIES Mortgage Link's Motion to Dismiss.

## I.    BACKGROUND

Citizens Bank is a national banking association that is in the business of purchasing closed residential mortgage loans from correspondent lenders and then reselling those loans to the Federal Home Loan Mortgage Corporation ("FHLMC") and other investors in the secondary mortgage market. (ECF No. 1 ¶¶ 1, 5.) Loans

sold to the FHLMC and other secondary investors must meet certain requirements. If the FHLMC discovers that it purchased an ineligible loan, it requires the seller to repurchase that loan.  The seller then, in turn, may require the correspondent lender to repurchase the loan from them.

In May 2019, Citizens Bank and Mortgage Link entered into a Correspondent Loan Purchase Agreement ("CLPA").  (ECF No. 1-1.)  Under Section 6 of the CLPA, Mortgage Link agreed to sell to Citizens Bank loans that Mortgage Link represented and warranted complied with the FHLMC's requirements.  *Id.* at 6–8.  Section 8 required Mortgage Link to repurchase from Citizens Bank any loan that Citizens Bank determined, *inter alia*, was the subject of a false representation or warranty by Mortgage Link.  *Id.* at 8–9.  Section 8 also provided that any repurchase would "not be affected by any modification of the Mortgage Loan in conformity with any governmental modification program or settlement with any Agency or governmental entity."  *Id.* at 9.  The CLPA defined a formula for calculating the "Repurchase Price" when Section 8 was invoked.  *Id.* at 5.

At issue here is a mortgage loan Mortgage Link originated to Kekoye Sagnia (the "Sagnia Loan").  (ECF No 1. ¶ 18.)  Mortgage Link sold the Sagnia Loan to Citizens Bank, which in turn sold it to the FHLMC.  *Id.* ¶¶ 19–20.  Citizens Bank alleges that, in early 2025, it received notice from the FHLMC that the Sagnia Loan did not meet its requirements because Mortgage Link had not provided evidence that certain of the borrower's other debts had been paid off.  *Id.* ¶ 21.  After Mortgage Link failed to timely respond to Citizens Bank's requests for that evidence, the FHLMC

demanded that Citizens repurchase the Sagnia Loan. *Id.* ¶¶ 22–23. Mortgage Link later informed Citizens that the deficiencies in the Sagnia Loan were "incurable." *Id.* ¶ 25. When Mortgage Link refused to repurchase the Sagnia Loan from Citizens Bank, Citizens Bank filed this lawsuit. *Id.* ¶¶ 26–27.

## II.    STANDARD OF REVIEW

To survive a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must set forth a "plausible claim." That means the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 566 U.S. 662, 678 (2009). The reviewing court must assume the truth of all "well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Thomas v. Rhode Island,* 542 F.3d 944, 948 (1st Cir. 2008).

## III.    DISCUSSION

Mortgage Link's primary argument in support of its Motion to Dismiss is that it was not required to repurchase the Sagnia Loan from Citizens Bank because Citizens Bank materially altered the Sagnia Loan through a "Loan Modification Agreement" with the borrower recorded on January 17, 2025. (ECF No. 14 at 9–13.)[1]

---

[1] Citizens Bank contests the extent to which, at this stage in the proceedings, the Court may consider the Loan Modification Agreement and other documents attached to Mortgage Link's Motion to Dismiss. (ECF No. 20-1 at 8.) But while Citizens Bank is correct that the Court may not consider the factual allegations contained in Mortgage Link's attorney's attached Declaration (ECF No. 14-1 at 1–4), the Loan

In addition to extending the repayment terms of the loan and reporting a "new mortgage" balance, the Loan Modification Agreement contains language that Mortgage Link suggests effectively discharges the borrower from personal liability for the loan. *See id.* at 6 (quoting ECF No. 14-1 at 28). Mortgage Link argues that this modification—which would make the Sagnia Loan riskier by precluding any deficiency judgment against the borrower in the event of a default—either (1) resulted in a "New Sagnia Loan" not subject to the CLPA's repurchase obligations; or (2) otherwise discharged Mortgage Link's repurchase obligation because it was not made "in conformity with any governmental modification program or settlement with any Agency or governmental entity" as required to Section 8 of the CLPA. *Id.* at 9–13.

Mortgage Link could be correct that the Loan Modification Agreement effectively discharged any obligation it may have otherwise had to repurchase the Sagnia Loan. But the Complaint alleges *two* ways in which Mortgage Link breached the CLPA: first, "Mortgage Link breached the representations and warranties in the CLPA when it sold the Sagnia Loan to Citizens" because the loan did not comply with the FHLMC's requirements; and second, "Mortgage Link breached the CLPA by failing to repurchase the Sagnia Loan from Citizens upon Citizens' written demand." (ECF No. 1 ¶¶ 32, 34.) The Complaint further alleges that, "[a]s a result of Mortgage Link's breach of its representations, warranties, and repurchase obligation under the

_____

Modification Agreement is a public land record of which the Court may properly take judicial notice. *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993).

CLPA, Citizens has suffered, and continues to suffer, damages in an amount to be determined at trial." *Id.* ¶ 35.

None of the documentary evidence cited by Mortgage Link contradicts Citizens Bank's allegations that Mortgage Link sold it a loan that did not comply with the FHLMC's requirements. Thus, even if Mortgage Link proves to be correct in its defense that it was not required under the CLPA to repurchase the Sagnia Loan, Citizens Bank still may have a claim for breach of contract based on Mortgage Link's allegedly false representations and warranties regarding the Sagnia Loan at the time it sold the loan to Citizens Bank.

Mortgage Link's other argument in support of its Motion is that Citizens Bank has failed to "plead facts sufficient to support any claim for breach-of-contract damages" under Fed. R. Civ. P. 8(a). (ECF No. 14 at 13.) Mortgage Link takes particular issue with Citizens Bank's allegation that it suffered damages "in an amount not less than the Repurchase Price." *Id.* (quoting ECF No. 1 ¶ 35.) But regardless of whether Citizens Bank can ultimately prove that it is entitled to damages in that amount, its Complaint alleges that it has suffered damages, including through the FHLMC's inability to purchase the Sagnia Loan and Mortgage's link's refusal to repurchase that loan. (ECF No. 1 ¶¶ 33, 35.) The Complaint also cites the CLPA's indemnification clauses as obligating Mortgage Link to pay Citizens Bank's "costs, expenses, and attorneys' fees in the event that Mortgage Link breaches the CLPA." *Id.* ¶ 40. These allegations are sufficient to support Citizens Bank's claims against Mortgage Link.

5

## IV.   CONCLUSION

For all these reasons, the Court DENIES Mortgage Link's Motion to Dismiss (ECF No. 14).

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

June 24, 2026